UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-133

UNITED STATES OF AMERICA,

        Plaintiff,        PLEA AGREEMENT AND
                                        SENTENCING STIPULATIONS
v.

KHALID HASSAN MOHAMUD,

        Defendant.

The United States of America and Khalid Hassan Mohamud (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Information, which charges the Defendant with bank robbery, in violation of Title 18, United States Code, Section 2113(a). The Parties understand that the Stearns County Attorney's Office will dismiss its counts at or before the time of sentencing in this case.

2. **Factual Basis.** The Defendant admits to the following facts and agrees that the United States would prove the following facts beyond a reasonable doubt at trial. The Defendant admits that on or about February 22, 2019, in the State and District of Minnesota, the Defendant, by intimidation did take from the person and presence of a victim teller approximately $2,800, which belonged to and was in the care, custody, control, management, and possession of Wells Fargo Bank. Specifically, the Defendant



admits that on February 22, 2019, he entered the Wells Fargo Bank located at 200 33rd Avenue in St. Cloud, Minnesota. The Defendant further admits that he went to a teller window occupied by victim teller K. A. B. The Defendant produced a note stating, "This is a robbery, don't do anything stupid I have 2 weapons on me, I need $100's, $50's only." The Defendant had his hands in his pockets, thereby making it difficult for K.A.B. to determine that he did not actually have weapons on his person.

The Defendant further admits that K.A.B. complied with his demands due to intimidation, and gave the Defendant $2,800. The Defendant further admits that the $2,800 belonged to Wells Fargo Bank, whose deposits were insured by the Federal Deposit Insurance Corporation at the time of the robbery.

The Defendant also admits that he acted voluntarily and knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The Defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to file pretrial motions in this case.

4. **Waiver of Indictment.** The Defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. The Defendant further agrees to execute a written waiver of the Defendant's rights to be indicted by a grand jury on this offense.

5. **Maximum Penalty.** The Defendant understands the maximum punishment for this offense is as follows:

a. a maximum of 20 years of imprisonment;

b. a supervised release term of up to 3 years;

c. a fine of up to $250,000;

d. a mandatory special assessment in the amount of $100;

e. restitution to the victims of the crime in an amount to be determined by the Court; and

f. costs of prosecution.

6. **Revocation of Supervised Release.** The Defendant understands that if he were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Guideline Calculations.** The Parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this Plea Agreement should be construed to limit the Parties from presenting any and all relevant evidence to the Court at sentencing. The Parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. Base Offense Level.

        The Parties agree that the Defendant's base offense level is **20** pursuant to U.S.S.G. § 2B3.1(a).

    b. Specific Offense Characteristics.

        The Parties agree that the offense level should be **increased by 2 levels** because the property of a financial institution was taken pursuant to U.S.S.G. § 2B3.1(b)(1).

3

The Parties disagree about an additional Specific Offense Characteristic. The United States contends that the Defendant's offense **level should be increased by a further 2 levels** because a threat of death was made, pursuant to U.S.S.G. § 2B3.1(b)(2)(F). The Defendant disagrees and contends that this enhancement does not apply.

The Parties agree that no other specific offense characteristics apply.

c. Chapter 3 Adjustments.

The Parties agree that other than the adjustment for acceptance of responsibility below, no other Chapter 3 Adjustments apply.

d. Acceptance of Responsibility.

The United States agrees to recommend a **3-level reduction for acceptance of responsibility** and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the following: (i) the Defendant testifies truthfully during the change of plea hearing, (ii) the Defendant cooperates with the Probation Office in the pre-sentence investigation, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1.

e. Criminal History Category.

Based on information available at this time the Parties believe that the Defendant's criminal history category is either **V** or **VI**. This **does not** constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and any related status will be determined by the Court based on the information presented in the Presentence Report and by the Parties at the time of sentencing.

f. Guideline Range of Imprisonment.

If the Court concludes that the United States is correct in its disputed contentions described above, the Parties agree that the **total offense level would be 21** (20 (base) + 2 (financial institution) + 2 (threat of death) − 3 (acceptance)), and the criminal history category is **V**, the

4

Parties agree that the Defendant's Sentencing Guidelines range is **70-87 months'** imprisonment.

If the Court concludes that the United States is correct in its disputed contentions described above, the Parties agree that the **total offense level would be 21** (20 (base) + 2 (financial institution) + 2 (threat of death) – 3 (acceptance)), and the criminal history category is **VI**, the Parties agree that the Defendant's Sentencing Guidelines range is **77-96 months'** imprisonment.

If the Court concludes that the Defendant is correct in its disputed contentions described above, the Parties agree that the **total offense level would be 19** (20 (base) + 2 (financial institution) – 3 (acceptance)), and the criminal history category is **V**, the Parties agree that the Defendant's Sentencing Guidelines range is **57-71 months'** imprisonment.

If the Court concludes that the Defendant is correct in its disputed contentions described above, the Parties agree that the **total offense level would be 19** (20 (base) + 2 (financial institution) – 3 (acceptance)), and the criminal history category is **VI**, the Parties agree that the Defendant's Sentencing Guidelines range is **63-78 months'** imprisonment.

    g.    <u>Fine</u>.

If the Defendant's adjusted offense level is 19, the Guidelines range of fines is $10,000 to $100,000. U.S.S.G. § 5E1.2(c)(3).

If the Defendant's adjusted offense level is 21, the Guidelines range of fines is $15,000 to $150,000. U.S.S.G. § 5E1.2(c)(3).

    h.    <u>Supervised Release</u>.

The Parties agree that the Sentencing Guidelines advise a term of supervised release of at least one year but not more than three years. U.S.S.G. § 5D1.2(a)(2).

    i.    <u>Sentencing Recommendation and Departures</u>.

Both parties reserve the right to request a departure and/or variance from the advisory Sentencing Guidelines and to make sentencing

recommendations pursuant to and in accordance with the sentencing factors set forth in 18 U.S.C. § 3553(a).

Based on known information at this time, the Government will be making a recommendation for a sentence within the guidelines range.

8. **Discretion of the Court.** The foregoing stipulations are binding on the Parties, but do not bind the Court. The Parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or Defendant's criminal history category are different from that stated above, the Parties may not withdraw from this Agreement, and Defendant will be sentenced pursuant to the Court's determinations.

9. **Restitution.** The Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the Defendant to make restitution to the victim(s) of his crime, including to Wells Fargo Bank. The Defendant specifically agrees to provide restitution in the amount of $2,800 to Wells Fargo Bank. The Defendant's agreement to provide restitution to Wells Fargo Bank does not preclude the probation office or the Court from calculating and ordering the Defendant to provide restitution to any other victims pursuant to 18 U.S.C. § 3663A. The Defendant agrees to provide information and fully cooperate with the probation office in the calculation of any other amounts of restitution. The Defendant agrees to be liable for restitution in the amount calculated by the probation office and ultimately ordered by the

Court.

10. **Special Assessments.** The Guidelines require the Defendant to pay a special assessment in the amount of $100.00 for the felony conviction relating to Count 1. U.S.S.G. § 5E1.3. The Defendant understands that this special assessment is due and payable at sentencing.

11. **Appeal Waiver.** The Defendant understands that by pleading guilty, he waives all rights to a trial or appeal on the question of guilt or innocence. The Defendant further understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the Defendant's sentence, to include any restitution imposed, if the Court imposes a sentence at or below the top of the applicable guidelines. In exchange, the United States waives its right to seek appellate review of any sentence of imprisonment imposed by the District Court on any ground set forth in 18 U.S.C. § 3742 unless the sentence of imprisonment is less than the bottom of the applicable guidelines. Similarly, the Defendant expressly waives his right to petition under 28 U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. The Defendant has discussed these rights with the Defendant's attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

12. **FOIA Requests.** The Defendant waives all rights to obtain, directly or

through others, information about the investigation and prosecution of this case under the Freedom of Information Act, and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

13. **Complete Agreement.** This, along with any agreement signed by the Parties before the entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Dated: 5/30, 2019

ERICA H. MacDONALD
United States Attorney

BY: EVAN B. GILEAD
Assistant U.S. Attorney
Attorney ID No. 95971 FL

Dated: 5/30, 2019

KHALID HASSAN MOHAMUD
Defendant

Dated: 5/30, 2019

KEALA EDE
Attorney for Defendant